**Von Platen & Dick Company, Plaintiff in Error, v. Chicago Veneered Door Company, Defendant in Error.**

**Gen. No. 20,168.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding.   Heard in this court at the March term, 1914.   Affirmed.   Opinion filed November 30, 1914.

### Statement of the Case.

Action by Von Platen & Dick Company, a corporation, against Chicago Veneered Door Company, a corporation, upon a claim for damages arising out of purchase of doors from defendant.   Defendant filed a

set-off claiming a balance due on his sale of doors to plaintiff. The trial court found that the plaintiff was not entitled to recover and directed a verdict in favor of the defendant for the amount of its set-off. From a judgment in favor of the defendant, plaintiff brings error.

ROBERT W. DUNN, for plaintiff in error.

FRED H. ATWOOD, FRANK B. PEASE, CHARLES O. LOUCKS and VERNON R. LOUCKS, for defendant in error.

MR. JUSTICE MCSURELY delivered the opinion of the court.

### Abstract of the Decision.

1. SALES, § 138*—*when buyer not entitled to damages for non-delivery.* In an action to recover an excess of costs to plaintiff over an alleged contract price at which defendant had agreed to furnish certain doors, where it appeared that plaintiff would not agree to pay for the doors, but only to give defendant credit on an alleged claim arising out of another sale, the plaintiff was not entitled to its claim for damages for defendant's refusal to deliver, since there is no rule of law which requires a seller to deliver goods to a buyer where the buyer before delivery has notified the seller that he will not pay for them.

2. SALES, § 97*—*when buyer must reject goods for breach of contract as to quality or description.* Where goods are not of the quality or description ordered, a purchaser should reject them within a reasonable time and not appropriate them to his own use.

3. SALES, § 401*—*when evidence insufficient to charge seller for work done on goods sold.* Where a plaintiff attempted to charge a defendant with the cost for labor, etc., in sandpapering and putting in condition, agreed upon, a lot of doors sold and delivered by defendant to plaintiff, it appeared that plaintiff had the doors for about eight months without making any complaint concerning their condition, and the testimony tended to show that the exposure of the doors during such winter months would roughen them, the evidence was insufficient to charge defendant with the expense of removing the roughness in question, caused by the plaintiff's own act.

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. SALES, § 329*—*when evidence justifies a directed verdict for seller.* Where the trial court was properly of the opinion that plaintiff was not entitled to credits claimed, and the items of amounts, dates of delivery and prices of defendant's statement of set-off were not in dispute, it did not err in directing a verdict for the amount of the defendant's set-off, the correctness of the set-off being admitted under the pleadings in the case and the testimony of the opposite party.